UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Philip Sieff, as Trustee
for Dawn Marie Pfister,  	Civ. No. 15-419 (PAM/LIB)

              Plaintiff,  	**MEMORANDUM AND ORDER**

v.

Brady Juell and City of Chaska,

              Defendants.

_____

This matter is before the Court on Plaintiff Philip Sieff's Objection to Magistrate Judge Decision. (Docket No. 39.) For the reasons that follow, Plaintiff's appeal is denied and the Magistrate Judge's Order is affirmed.

**BACKGROUND**

The alleged facts are fully set forth in Magistrate Judge Brisbois's Order ("Order," Docket No. 38)), from which Plaintiff takes this appeal. The Court will summarize those facts here briefly.

Sieff is the Trustee for Dawn Marie Pfister, who died during a high-risk highway stop in February 2014. (Complaint (Docket No. 1) at ¶¶ 13-15.) Pfister was the passenger in a car that police began to pursue when it hit another car and crashed into a barrier wall. (Id. at ¶¶ 13-20.) Eleven officers, including Defendant Brady Juell, responded to the scene. Because the driver, Mathew Serbus, exited the car holding Pfister between himself and the officers, the officers believed that it was a hostage

situation. (Id. at ¶ 29.) Serbus appeared to be holding a weapon, which turned out to be a knife, behind Pfister's back. (Id. at ¶¶ 30, 36.) After the situation escalated, several officers shot Serbus to protect Pfister, then Juell shot and killed Pfister. (Id. at ¶¶ 37,-39, 41, 45-46, 49.) Two Bureau of Criminal Apprehension agents responded to the scene, one of whom allegedly stated that Juell shot Pfister because she had attempted to advance towards officers with the knife after Serbus was shot. (Id. at ¶ 58.) Plaintiff alleges that other Bureau of Criminal Apprehension agents solicited false statements during the ensuing investigation to protect Juell. (Id. at ¶ 59.)

A grand jury was convened in December 2014, and heard testimony of eleven officers and two Bureau of Criminal Apprehension agents regarding the shooting. (Pl.'s Ex. B (Docket No. 19-1) at 88-91.) The grand jury entered a no bill as to several officers. (Pl.'s Ex. J, (Docket No. 19-2) at 89.) Plaintiff attempted to secure transcripts of the grand jury testimony in state court based on evidence of alleged inconsistent statements and collusion between the officers and agents regarding what happened during the stop. (Pl.'s Ex. A (Docket No. 19-1) at 2-23.) The state court granted the petition in part, concluding that Plaintiff had a particularized need for six witness transcripts due to alleged inconsistencies, but denied Plaintiff access to the remaining transcripts and rejected Plaintiff's argument that grand jury witnesses colluded with each other to coordinate their narrative. (Pl.'s Ex. J at 90-91.)

Plaintiff then brought this § 1983 action on behalf of Pfister against Juell in his individual capacity as a Chaska police officer and Defendant City of Chaska. Plaintiff again requested access to the remaining witnesses' grand jury transcripts. (Docket No.

17).  When Magistrate Judge Brisbois denied his Motion to Compel the production of the transcripts, Plaintiff brought the instant appeal.

**DISCUSSION**

The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the order is clearly erroneous or contrary to law.  D. Minn. L.R. 72.2(a).  The Court gives great deference to a magistrate judge's nondispositive determinations.  See Edeh v. Equifax Info. Servs., LLC, 295 F.R.D. 219, 223 (D. Minn. 2013) (Nelson, J.), aff'd, 564 F. App'x 878 (8th Cir. 2014) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.") (citation omitted).  The Court will only reverse the Order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The Supreme Court has consistently recognized that secrecy is required for grand jury proceedings to function properly.  See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979); see also In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1988).  The policy behind such secrecy is not absolute, rather it is "designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process." In re Perl, 838 F.2d at 306 (citing United States v. Procter & Gamble Co., 356 U.S. 677, 681-82 (1958)).  The standard for determining whether the secrecy of a grand jury may be broken is (1) a showing that the material sought is necessary to avoid a possible injustice, (2) that the need for disclosure outweighs the need for continued secrecy, and (3) that the request covers only those materials meeting the above two tests.  Douglas Oil,

441 U.S. at 222.  The burden of showing this "particularized need" rests on the party seeking the information.  Id. at 223.  This standard applies even if the grand jury has concluded its investigation, because courts must consider the effect that granting the request may have on future grand juries.  See id. at 222.

Plaintiff argues that the Order is clearly erroneous because grand juries are no longer used in Hennepin County in police shooting cases, and Magistrate Judge Brisbois did not perform an in camera review of three of the transcripts Plaintiff requested. Defendants and the Hennepin County Attorney's Office, as an interested party, argue that Plaintiff seeks the transcripts only to strengthen his case, and cannot demonstrate any particularized need for the information.

**A.     Hennepin County Attorney's Office policy change**

Shortly after Magistrate Judge Brisbois denied Plaintiff's Motion to Compel, Hennepin County Attorney Michael Freeman announced that, for the sake of justice, accountability, and transparency, Hennepin County will no longer use grand juries in police shooting cases.  (Bennett Aff. (Docket No. 40), Ex. 1.)  Plaintiff concedes that he is not entitled to raise new arguments after appealing Judge Brisbois's Order, and cites case law supporting this admission.  (Pl.'s Mem. (Docket No. 39) at 3) (citing United States v. Nguyen, No. 09-cr-172, 2010 WL 5146414, at *1 (D. Minn. Dec. 13, 2010) (Davis, C.J.)).  Yet Plaintiff goes on to argue that Freeman's announcement is "wholly contrary to [the Hennepin County Attorney's Office's] prior position to this Court," and establishes the second prong of Douglas Oil.

Plaintiff's argument borders on the absurd. First, the Hennepin County Attorney's Office maintains its earlier-enunciated position in its Response to Plaintiff's appeal. (Hennepin Cnty's Resp. (Docket No. 42).) But even if Hennepin County had changed its position, the policy change announcement does not relate to this case. First, Freeman did not indicate that the change is retroactive. Second, because the change applies only in Hennepin County, there is no basis to conclude that it has any bearing on future grand juries other than perhaps a tangential effect. The need for secrecy in grand jury proceedings remains intact. See Douglas Oil, 441 U.S. at 222 ("[I]n considering the effects of disclosure on grand jury proceedings, the courts must consider . . . the possible effect upon the functioning of future grand juries.")

Although "a party asserting a need for grand jury [material] will have a lesser burden in showing justification" "as the considerations justifying secrecy become less relevant," Plaintiff still bears the burden of demonstrating some justification for violating the secrecy of grand jury proceedings. Id. at 223. Plaintiff cannot do so on the basis of the Hennepin County Attorney's Office's policy change.

B.     **Failure to perform in camera review**

Magistrate Judge Brisbois concluded that, although Plaintiff's stated purposes for requesting the seven transcripts at issue were proper, Plaintiff failed to submit enough "specific evidence to demonstrate that he has a particularized need for the transcripts." (Order at 11.) Plaintiff concedes that the Order is not clearly erroneous or contrary to law in relation to four of the transcripts Plaintiff requested in his Motion to Compel, but argues that the Order is nevertheless clearly erroneous as to the remaining three witnesses

because the court denied Plaintiff's Motion to Compel without an in camera review of the grand jury transcripts. Those transcripts, Plaintiff argues, probably contain inconsistencies similar to the ones found in the six transcripts Plaintiff accessed through the Hennepin County court, and show that the witnesses conspired "to . . . ensure a no bill." (Pl.'s Mem. at 5-6.)

After reviewing the evidence Plaintiff provided to the Hennepin County court along with Plaintiff's supplemental evidence, Magistrate Judge Brisbois determined that the transcripts Plaintiff requested do "not provide [] any specific indication" of inconsistent statements or collusion among the remaining witnesses. (Order at 13-14.) As before Judge Brisbois, Plaintiff's contention that inconsistencies in some of the transcripts meant that there would be inconsistencies in the others does not demonstrate a particularized need for any of the seven remaining transcripts, because Plaintiff "only speculate[d] that the grand jury testimony of those additional officers [would] be of use." (Id. at 14.) Judge Brisbois's conclusion that Plaintiff's supplemental evidence "is not materially different in kind from that reviewed by" the Hennepin County court and that to find that the remaining witnesses had colluded, the court would be forced to "itself resort[] to speculation" was also appropriate. (Id. at 13-14.) Plaintiff has not shown a particularized need for the additional transcripts based on alleged inconsistencies or collusion among witnesses, and the Order is not clearly erroneous or contrary to law.

**I.     CONCLUSION**

Plaintiff has failed to establish that Magistrate Judge Brisbois's Order is clearly erroneous or contrary to law.  Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Objection to Order on Motion for Additional Access to Grand Jury Transcripts (Docket No. 39) is **DENIED**; and

2. Magistrate Judge Brisbois's Order (Docket No. 38) is **AFFIRMED**.


Dated:  April 21, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge